# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-cr-51 |
| | ) | (Phillips/Shirley) |
| **JOHNNIE MARTIN,** | ) | |
| **AARON BROOKS,** | ) | |
| **LASHONDA HALL,** | ) | |
| **TONY DARNELL MANNING,** | ) | |
| **MATTHEW ORR,** | ) | |
| **JAMES O. ROWANS II, and** | ) | |
| **CARLA KYLE,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On December 5, 2007, the Honorable C. Clifford Shirley, United States Magistrate Judge, issued a thirty-three page Memorandum and Order, in which he ruled on various non-dispositive motions submitted by the defendants. These motions included, *inter alia*, motions for an *Enright* hearing by defendants Johnnie Martin and Aaron Brooks [Docs. 72 and 151], motions for a bill of particulars by said defendants [Docs. 69, 150, and 158], and motions by defendant Brooks to sever the trial [Doc. 143], for the production of exculpatory/impeachment materials [Docs. 147 and 148], to compel the production of evidence [Doc. 152], to produce witnesses' statements [Doc. 177], and, finally, for leave to file further motions [Doc. 178]. Defendants Martin and Brooks timely objected

-1-

to the portions of Judge Shirley's order in which he ordered that these motions be denied.[1]

As required by Federal Rule of Criminal Procedure 59(a), this court has considered these timely objections. For the reasons that follow, this court agrees with Judge Shirley's thorough analysis, and defendants have failed to demonstrate that those portions of the Memorandum and Order [Doc. 218] to which they object are clearly erroneous or contrary to law. Accordingly, defendants' objections [Docs. 227 and 231] will be **OVERRULED**. The court will address these objections in the same order as Judge Shirley reviewed the corresponding motions in his Memorandum and Order.

### I. Defendant Brooks's Motion to Sever

Brooks objects to Judge Shirley's denial of the motion to compel. In support thereof, Brooks simply makes a conclusory statement that Rule 14 and *Zafiro v. United States*, 506 U.S. 534 (1993), mandate severance. Furthermore, Brooks argues that defendant Martin's terrorization of his co-defendants does not afford Brooks a fair trial.

Rule 14 and *Zafiro*, however, do not mandate severance in this or any instance. Rule 14 is discretionary in nature, stating, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may ... sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. Pro. 14(a). The Supreme Court's decision in *Zafiro* simply affirms the discretionary nature of Rule 14. Indeed, in that case, the Supreme Court was presented with the very question of whether Rule

---

[1] Although Judge Shirley denied several additional motions filed by defendant Martin, Martin chose only to object to those portions of the Memorandum and Order denying him an *Enright* pre-trial hearing and denying him the furnishment of a bill of particulars.

14 *required* "severance as a matter of law when codefendants present 'mutually antagonistic defenses.' " *Zafiro*, 506 U.S. at 535. The Court answered in the negative, stating, "Mutually antagonistic defenses are not prejudicial *per se*. Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of relief to be granted, if any, to the district court's sound discretion." *Id.* at 538-39. Affording the district court this discretion serves to uphold the "strong preference in the federal court system for jointly indicted defendants to be tried together." *United States v. Sherlin*, 67 F.3d 1208, 1215 (6th Cir. 1995) (citing *Zafiro*, 506 U.S. at 537). As Judge Shirley correctly noted, joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537 (quotation omitted).

Because of this strong preference for joint trials, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. Thus, as Judge Shirley noted, the Sixth Circuit has repeatedly held that "[i]n order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Lupo*, 463 F.3d 445, 473 (6th Cir. 2006) (quoting *United States v. Saadley*, 393 F.3d 669, 678 (6th Cir. 2005)); *accord Sherlin*, 67 F.3d at 1215; *United States v. Sivils*, 960 F.2d 587, 594 (6th Cir. 1992). The defendant bears this heavy burden because "jurors are presumed to follow the court's instruction to consider each defendant's case separately." *Sherlin*, 67 F.3d at 1215; *see Zafiro*, 506 U.S. at 539 ("[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.").

-3-

The mere fact that the evidence against his co-defendant is more damaging than the evidence against him does not entitle a defendant to severance. *E.g.*, *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006); *United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004).

Here, Brooks has proffered no specific trial right that would be violated if the motion to sever were denied. Instead, he has only cited vague denials of his "right to a fair trial." Nor has he offered any specific instances where the risk of specific or actual prejudice is sufficient to mandate severance. Accordingly, any prejudice that may result can be cured with proper instruction to the jury. Finally, Brooks's allegation that defendant Martin has terrorized his co-defendants do not demonstrate that Brooks will not be afforded a fair trial. Brooks's objections to the denial of his motion to sever [Doc. 143] are therefore overruled.

## II. Defendants' Motions for an *Enright* Hearing

Federal Rule of Evidence 802(d)(2)(E) provides a hearsay exclusion for statements made by co-conspirators of a party and in furtherance of the conspiracy. In *United States v. Enright*, the Sixth Circuit held that before the district court may admit a co-conspirator's out-of-court statements as admissions against the defendant under Rule 802(d)(2)(E), the government must demonstrate the existence of a conspiracy and the defendant's connection therewith[2] by a preponderance of the evidence. *United States v. Enright*, 579 F.2d 980, 983-86 (6th Cir. 1978). In a subsequent opinion, the Sixth Circuit specified three ways in which the district court may determine this threshold question of admissibility: 1) conduct a pre-trial "mini-hearing" outside the presence of the jury to

---

[2] The government must prove three elements: "(1) that a conspiracy existed, (2) that the defendant against whom the hearsay is offered was a member of the conspiracy, and (3) that the hearsay statement was made in the course and in furtherance of the conspiracy." *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979).

-4-

hear the government's proof of conspiracy, 2) require the government to produce non-hearsay evidence of conspiracy first prior to making the finding of admissibility, and 3) admit the hearsay statements subject to a later demonstration of their admissibility. *United States v. Vinson*, 606 F.2d 149, 152-53 (6th Cir. 1979).

Defendants Martin and Brooks moved for the utilization of the first option and object to Judge Shirley's denial of their motions. In his objection, Brooks contends that the first option is the "most efficacious and the most fair procedure in this case." [Doc. 231 at 4]. Brooks cites no case law in support of this argument. Martin likewise argues that the interests of justice require a pre-trial mini-hearing. Specifically, Martin argues that the nature of this multi-defendant case and the fact that many of his co-defendants have pleaded guilty will lessen the government's burden of proving each element beyond a reasonable doubt.

The decision of which method to employ, however, is "the trial court's prerogative." *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004). As Judge Shirley recognized, this district routinely utilizes the third option, where the trial court admits the hearsay conditionally, subject to a later determination of its admissibility. The Sixth Circuit has repeatedly upheld the use of this method. *E.g.*, *United States v. Sexton*, 119 F. App'x 735, 740 (6th Cir. 2005); *United States v. Smith*, 320 F.3d 647, 654 (6th Cir. 2003), *vacated on sentencing grounds*, 543 U.S. 1180 (2005). Defendants' general and vague objections demonstrate no specific prejudice which would result from the employment of this method. There is, therefore, no reason why this court should refrain from employing the third method, or any in its choosing. Indeed, it is this court's belief that a mini-hearing would be "burdensome, time-consuming, and uneconomic," *Vinson*, 606 F.2d at 152,

-5-

particularly given the many delays already suffered in this case.

Martin objects that because the admissibility of statements by co-conspirators is determined under a preponderance-of-the-evidence standard, this unconstitutionally lessens the government's burden of proof to prove every element of the crime beyond a reasonable doubt. Defendant is mistaken, however, as to these standards. The government must demonstrate the elements of a conspiracy by a preponderance of the elements *solely* for the evidentiary purpose of determining the admissibility under Rule 801(d)(2)(E) of statements by co-conspirators. This does not disturb the government's ultimate burden of proof with regard to each element of the crime. Indeed, the court determines whether this threshold burden for admissibility has been met outside the presence of the jury so as not to confuse them as to the burden of proof the government must meet. *Id.* at 153. Specifically, the Sixth Circuit cautions,

> If the trial judge does choose to admit the hearsay [by any of the three methods given], he should refrain from advising the jury of his findings that the government has satisfactorily proved the conspiracy. The judge should not describe to the jury the government's burden of proof on the preliminary question. Such an instruction can serve only to alert the jury that the judge has determined that a conspiracy involving the defendant has been proven by a preponderance of the evidence. This may adversely affect the defendant's right to trial by jury.

*Id.* Accordingly, the jury never hears that the statements were admissible because the government proved a conspiracy by a preponderance of the evidence. Rather, the judge simply instructs the jury whether the statements are admissible and therefore to be considered as evidence in their ultimate determination of whether the government has proven every element beyond a reasonable doubt.

In sum, because defendants have demonstrated no reason why this court should refrain from exercising its discretion to admit the hearsay conditionally, defendants' objections to the denial of

-6-

a pre-trial hearing under *Enright* [Docs. 72 and 151] are overruled.

## III.     Defendant Brooks's *Brady* Motions

Judge Shirley denied two motions by Brooks to produce exculpatory or impeachment materials under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, holding that the Order on Discovery and Scheduling [Doc. 25] addressed the information requested. Brooks's first motion seeks "any and all details, documents, and statements regarding the deal between any of the government's information or witnesses and the government." [Doc. 147 at 1]. Brooks then enumerates categories that would fall thereunder, including (1) any remuneration given (listing the date, form, and amount of payment), (2) the date that any deal or agreement was first inquired about and the initiant of that query, (3) dates and substance of the proffers made by the informant or witness, (4) all statements by the information or witness exculpating Brooks, (5) any inducements or incitements offered or requested between the time the information was proffered and the final deal reached, and (6) all criminal acts or statutory violations committed by the information or witness during the duration of his cooperation. [Doc. 147 at 1-2]. The second motion requests the court to compel the production of "any and all evidence exculpatory in nature, either as to guilt or to punishment," [Doc. 148 at 1], and "any and all promises of incentives or rewards offered to the government's witnesses and any special programs or awards relating to the number of arrests or convictions in which the government's witnesses now participate or have participate." [Doc. 148 at 1].

Paragraph E of the Order on Discovery and Scheduling, however, mandates that the government

-7-

reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment with the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976) (exculpatory evidence), and *United States v. Bagley*, 473 U.S. 667 (1985) (impeachment evidence).

[Doc. 25, ¶ E]. Judge Shirley held that under this blanket requirement, the government was already ordered to turn over all materials within the scope of *Brady* and its progeny, and therefore denied Brooks's motions as moot. Judge Shirley noted that in the event Brooks becomes aware of specific material, he should make a specific *Brady* request. Brooks objects that his motions were specific and should therefore be granted.

This court agrees that the Order on Scheduling and Discovery covers all exculpatory and impeachment material falling under *Brady* and its progeny. As such, it is of no import whether a request is specific or general. Accordingly, Brooks's motions for exculpatory and impeachment material [Docs. 147 and 148] are denied. The court reminds the government, however, of its continuing obligation to reveal to the defendant these materials and cautions that failure to do so could only result in a reversal of a conviction, should one ensue. This reminder, however, and the Order suffice to ensure that defendant's rights to exculpatory and impeachment materials under *Brady* and its progeny are met.

## IV.    Defendants' Motions for a Bill of Particulars

Defendants Brooks and Martin each moved the court for the production of a bill of particulars. In denying these motions, Judge Shirley held that the indictment was sufficiently detailed to describe the charges. Furthermore, the additional materials in this case (such as search warrant affidavits, wiretap affidavits, and detention hearing transcripts) serve to provide additional

detail "not present in many cases." Brooks objects that he needs the requested information to prepare his defense and to avoid prejudicial surprise and that he has the "right to know the alleged date when he joined the conspiracy" [Doc. 231 at 5]. Martin likewise argues that "conspiracy indictments deserve special scrutiny" and that further information is necessary to challenge the admissibility of statements by co-conspirators excluded as nonhearsay under Rule 801(d)(2)(E).

As Martin concedes, however, "[t]he decision to order a bill of particulars is within the sound discretion of the trial court." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). The purpose of a bill of particulars is "to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Id.* (inner citations removed); *accord United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004). Indeed, in cases involving conspiracy charges, "a defendant is not entitled to discover all the overt acts that might be proven at trial." *Id.*

Defendants Brooks and Martin each cite *United States v. Dempsey*, 733 F.2d 392 (6th Cir. 1984), for the proposition that a bill of particulars is necessary to apprise them of the alleged dates when they joined the conspiracy. In *Dempsey*, "in response to a motion for a bill of particulars, the district court directed the government to inform the defendants of the approximate date that each was charged with entering the conspiracy and the names of all unindicted co-conspirators." *Id.* at 394. The Sixth Circuit merely noted that the indictment was "bare bones" and that the furnished bill of particulars, coupled with the indictment, served to place the defendants on "adequate notice of the charges against them and [to] protect[] against double jeopardy." *Id.* Notably, although the Sixth

-9-

Circuit "remarked ... approvingly ... that the district court had granted a bill of particulars[,] it did not articulate circumstances *requiring* one." *United States v. Younes*, 194 F. App'x 302, 310 (6th Cir. 2006) (emphasis added).

The indictment[3] in the instant action charges the defendants with approximate dates of the conspiracy. These approximate dates are adequate to prevent the surprise at trial that a bill of particulars is intended to remedy. In the same vein, although Martin objects that specific dates are critical for him to prepare defenses to the admissibility of statements by co-conspirators under Federal Rule of Evidence 801(d)(2)(E), this court likewise finds the approximate dates in the indictment to be sufficient for Martin to challenge the admissibility of such statements. Finally, the remaining parts of the indictment likewise are sufficiently detailed such to guard against the risks of surprise at trial and double jeopardy.

Accordingly, this court is in agreement with Judge Shirley that the indictment and numerous materials underlying the indictment are more than sufficient to prevent surprise and allow defendants to prepare their defense. The defendants' objections are therefore overruled, and their motions for a bill of particulars [Docs. 69, 150, and 158] denied as ruled by Judge Shirley. Because the indictment is sufficient to prevent surprise, were this court to hold otherwise, it would be condoning the "detailed disclosure of all evidence held by the government," a purpose for which the bill of

---

[3] The court notes that defendants' motions for a bill of particulars were in response to the first superseding indictment, issued on July 10, 2007. In the first superseding indictment, the grand jury charged that the alleged dates of the conspiracy were "from approximately December 2006, up to and including May 8, 2007." [Doc. 106 at 11]. The grand jury issued a second superseding indictment on December 11, 2007, charging that the alleged dates of the conspiracy were "from approximately June 2006, up to and including May 8, 2007." [Doc. 224 at 11.] At the time Judge Shirley issued the Memorandum and Order to which defendants object, the first superseding indictment governed. Although defendants have not renewed their motions with regard to the second superseding indictment, the second superseding indictment is sufficiently similar to the superseding indictment for purposes of determining whether a bill of particulars is necessary. The court uses the term "indictment" to avoid confusion, but notes that the second superseding indictment is governing.

-10-

particulars is not meant to serve and a right to which defendants have no claim.

## V.     Defendant Brooks's Motion to Compel

Brooks also moves to compel the production of clothing found at the house where he was arrested [Doc. 152], arguing that Rule 16(a)(1)(E) requires the government to allow defendant to inspect the clothing.  Brooks refers to an affidavit accompanying the criminal complaint against a co-defendant [Doc. 1].  In that affidavit, Special Agent Bethel R. Poston of the federal Drug Enforcement Agency testified that the large size of the clothing attributed it to Brooks, a man of large stature, and this served as a basis to infer Brooks's residency at the house [Doc. 1, Attached Aff., at 1].  Judge Shirley denied Brooks's motion to compel [Doc. 152] on the basis that the United States was not in possession of the clothes, the government having lost the clothing.  In his objection, Brooks reiterates his argument that Rule 16 of the Federal Rules of Criminal Procedure requires the production of the clothing and argues that *Brady v. Maryland* likewise compels the production.

A preliminary requirement for Federal Rule of Criminal Procedure 16(a)(1)(E) to apply, however, is that the government be in possession of the requested material.  Fed. R. Crim. Pro. 16(a)(1)(E) ("Upon a defendant's request, the government must permit the defendant to inspect ... tangible objects ... *if the item is within the government's possession, custody, or control* ...." (emphasis added)).  Likewise, underlying the rule of *Brady* and its progeny is a presumption that the government possesses the material requested.  *See Brady v. Maryland*, 373 U.S. 83 (statement was *withheld* by the prosecution).  Here, the prosecution is not withholding material in violation of *Brady*; rather, the evidence has been lost.  There is therefore no basis to compel the production of

-11-

the missing evidence.[4] Accordingly, Brooks's objections are overruled and his motion to compel [Doc. 152] denied.

## VI. Defendant Brooks's Motion for Witnesses' Statements

Brooks moves for the production of witnesses' statements (including but not limited to grand jury transcripts) [Doc. 177], requesting the court "to be ready to produce at the suppression hearing in this cause witnesses' statements relating to the subject matter of the witnesses' testimony, including but not limited to said witnesses' grand jury testimony," pursuant to Rules 16(a)(3) and 26.2 of the Federal Rules of Criminal Procedure [Doc. 177 at 1]. Judge Shirley denied the motion under the Jencks Act, 18 U.S.C. § 3500 (2006), and Rule 26.2, holding that production is only required after the witness has testified. Likewise, Judge Shirley ruled there was no basis for Brooks's request for grand jury testimony.

In his objections, Brooks's argues that the statements are necessary for adequate preparation for trial, "consistent with Rules 102, 103(c), and 104(c) of the Federal Rules of Evidence and with the spirit of *Jencks.*" [Doc. 231 at 5]. Brooks argues that this protects his Fifth and Fourteenth Amendment guarantees of equal protection, due process, and fundamental fairness, as well as his Sixth Amendment right to assistance of counsel.

---

[4] In a previous Memorandum and Order issued by this court [Doc. 240], the court discussed defendant Brooks's motion to dismiss the indictment, predicated on his argument that loss of the clothing entitled him to a dismissal of the indictment on due process grounds. As this court discussed, however, dismissal is only warranted where the defendant demonstrates that the government lost the evidence in bad faith, that the exculpatory value of the evidence was apparent before its loss or destruction, and that the defendant is unable to obtain comparable evidence by other reasonably available means. *United States v. Wright*, 260 F.3d 568, 571 (6th Cir. 2001). As the court ruled previously, Brooks has demonstrated none of these factors. The court reiterates its previous ruling to affirm that the loss of the clothing does not afford defendant any of the relief requested.

-12-

The Jencks Act provides, in pertinent part,

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a) (2006). Likewise, Rule 26.2(a) of the Federal Rules of Criminal Procedure provides,

> *After* a witness other than the defendant has testified on *direct examination*, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim. Pro. 26.2(a) (emphasis added). Because direct examination at trial has yet to occur, Brooks's motion is premature and is therefore denied.

Nor does Rule 16(a)(3), pursuant to which Brooks moves, afford him the right to pretrial disclosure. Rule 16(a) in general governs the government's disclosure, enumerating specific items which the government is required to produce upon motion. Rule 16(a)(3), however, *exempts* grand jury testimony from such disclosure and places it within the scope of Rules 6, 12(h), 16(a)(1), and 26.2. 26.2. Fed. R. Crim. Pro. 16(a)(3). As previously discussed, a motion under Rule 26.2 is premature at this time. Rule 6 likewise affords no relief to counsel for defendant as he is, in short, not an attorney for the government or "a person authorized by 18 U.S.C. § 3322," Fed. R. Crim. Pro. 6(e)(3). Rule 12(h) applies Rule 26.2 to suppression hearings. The court assumes that the vague reference to the suppression hearing in Brooks's motion refers to the hearing held on November 26, 2007, and to the extent a witness who testified at the grand jury proceeding also testified at that hearing, Rules 12(h) and 16(a)(3) together operate to apply Rule 26.2 thereto. To the extent these rules are applicable to that hearing, however, counsel for Brooks is instructed to make a specific

motion under these rules.  Finally, none of the provisions of Rule 16(a)(1) is applicable.  *See* Fed. R. Crim. Pro. 16(a)(1) (requiring disclosure of defendant's oral statement, defendant's written or recorded statement, certain statements by organizational defendants, defendant's prior record, and documents and objects).

Finally, Brooks has failed to demonstrate why the stated Federal Rules of Evidence are applicable.  Defendant seeks *disclosure* of the statements, which is governed by the stated Federal Rules of Criminal Procedure, not the *admissibility* of such testimony into the record.  After the statements are produced at the proper time, the Federal Rules of Evidence will govern the extent to which Brooks may introduce the testimony into evidence, but he has made no showing whatsoever as to why Rules 102, 103(c), and 104(c) would compel production of the statements at this or any other time.

Accordingly, a request for Rule 26.2 relief is premature at this time, and none of the means of compelling production of grand jury testimony is applicable.  Brooks has failed to demonstrate why Judge Shirley's ruling is clearly erroneous or contrary to law.  Accordingly, Brooks's objections are overruled and his motion for witnesses' statements [Doc. 177] denied as ordered by Judge Shirley.  The court notes that the defendant has in effect simply placed the government and the court on notice that at the proper time, he will move for production under Federal Rule of Criminal Procedure 26.2.

## VII. Denial of Defendant Brooks's Motion for Leave to File Further Motions

Finally, Brooks objects to Judge Shirley's denial of his motion for leave to file further motions [Doc. 178].  Brooks argues that a denial of his motion violates his right to equal protection, due process, fundamental fairness ,and assistance of counsel, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments.

-14-

Requests to file unspecified motions at an unspecified date and time, however, are not favored by the court. In the event that a matter which defendant feels needs to be addressed by an appropriate pretrial motion, defendant can request leave of court to file such a motion. Otherwise, defendant's motion for leave to file additional motions [Doc. 178] is denied.

## VII. Conclusion

In sum, defendants Brooks and Martin raise no arguments on objection which would merit the various relief requested and have failed to demonstrate that Judge Shirley's rulings were clearly erroneous or contrary to law. This court is in complete agreement with Judge Shirley's thorough analysis. Accordingly, defendants' objections are **OVERRULED**, and the motions for an *Enright* hearing [Docs. 72 and 151], for a bill of particulars [Docs. 69, 150, and 158], to sever trial [Doc. 143], to produce exculpatory/impeachment materials [Docs. 147 and 148], to compel the production of evidence [Doc. 152], to produce witnesses' statements [Doc. 177], and for leave to file further motions [Doc. 178] **DENIED** as ordered by Judge Shirley. The deadline for objections having passed, all defendants have waived review of any remaining motions covered by Judge Shirley's December 5, 2007 Memorandum and Order [Doc. 218].

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge