IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Matthew Orr | ) |
| Petitioner | ) |
| | ) |
| v. | ) |
| | ) No. 3:07-CR-51-010 |
| | ) |
| United States Of America | ) |
| Respondent | ) |

MEMORANDUM OF LAW AND FACTS IN SUPPORT OF
MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE
ON PROBATION

### Statement Of The Case

This memorandum is in support of the accompanying Motion To Modify Conditions Of Supervised Release On Probation, filed by Petitioner, a prisoner at Turney Center Industrial Complex, seeking an order to modify a condition of supervised release based on Petitioner's Probation Officer's misconduct and a substantial risk of serious injury or death to Petitioner.

## Statement Of The Facts

On February 22, 2014, Jamar Patterson and Petitioner were involved in an altercation concerning Petitioner's alleged involvement with Mr. Patterson's wife. This eventually escalated and led to an altercation. As a result of the altercation, Petitioner was charged with aggravated assault. He was convicted of a lesser offense and received a three (3) year prison sentence. During the preliminary hearing, prior to the conviction, Mr. Patterson made threats to kill Petitioner. Mr. Patterson made several threats to kill Petitioner, prior to and after the preliminary hearing. If Petitioner is forced to live and serve his probation in Knoxville, where Mr. Patterson resides, Petitioner would be at a substantial risk of serious injury, death, or put in a position to defend himself against Mr. Patterson.

In addition to the above, Mr. Scott Smith, Petitioner's probation officer, has and will continue to do all he can to make it impossible for Petitioner to remain at liberty on probation. Upon Petitioner's initial term of probation supervision on or about September 7, 2013, Petitioner immediately, upon his release from imprisonment, reported to the District of Nebraska's probation office. Nebraska probation officials told Petitioner to find a job and they would come out to visit his home for approval. Three days later, Mr. Scott Smith called Nebraska probation officials and informed them that Petitioner needed to come back to Knoxville to serve the remainder of his probation there since that's where he was convicted. Mr. Smith also stated that if Petitioner paid for the bus ticket and returned to Knoxville himself, he would not be violated. Petitioner bought the ticket and returned to Knoxville. Once Petitioner was back, Mr. Smith made Petitioner live at a mission, since he had no place to live. Mr. Smith gave Petitioner one week to find employment. Within that week, Petitioner found two jobs and a place to stay. In spite of this, Mr. Smith initiated violation proceedings, even though he promised not to. **MR. SMITH LIED.** The warrant issued as a result of Mr. Smith's actions were immediately dismissed.

After dismissal of the warrant, Mr. Smith became very angry and upset. He began to talk to Petitioner in an aggressive manner; he threatened Petitioner by telling him that he would get Petitioner because he thought he was above the law; he called MS officials and attempted to get them to issue a warrant in that State, in order to violate Petitioner's probation in this State. Mr. Smith went so far as to tell Petitioner's wife, at the time, that she shouldn't be with a guy like Petitioner, and she could do better.

The probation condition complained of herein violate the Constitution by significantly infringing on Petitioner's substantial constitutional rights and there is no rational basis to deny Petitioner's request.

Pursuant to 18 U.S.C. sec. 3583 (e), district courts may modify, reduce or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release. 18 U.S.C. sec. 3583(e)(2).

In modifying such conditions, courts are advised to consider the same factors that govern a defendant's original sentence, including the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C.. sec. 3553(a)(1), and the need for the sentence imposed to afford adequate deterrence to protect the public from further crimes of the defendant.

The Sentencing Reform Act allows judges to impose other conditions that are reasonable related to the goals of the Act or the Guidelines and do not involve a greater deprivation of liberty than is reasonable necessary.

State of __TN__
County of __Hickman__
Subscribed and sworn to (or affirmed) before me this __4th__ day of __September__
By __Matthew Orr__
Personally known ___ OR produced identification __✓__
Type of identification produced __TDOC# 578416__

_Megan Taylor_
Notary Public

Respectfully Submitted,

_M. Orr_

Matthew Ulysses Orr # __578416__
T.C.I.X.
1499 R.W. Moore Memorial Hwy.
Only, Tennessee 37140

[Notary Seal: MEGAN LARUE TAYLOR, STATE OF TENNESSEE NOTARY PUBLIC, HICKMAN COUNTY, MY COMMISSION EXPIRES 12-6-2021]

# CERTIFICATE OF SERVICE

I, _Matthew Ulysses Orr_, do hereby certify that I have provided an exact copy of the foregoing document by first-class, postage pre-paid, U. S. Mail to the following:




by delivering the foregoing document to the Prison Mail Room personnel on this ____ day of ___9/11___, 2018.


___Matthew Orr___ # _578416_
                  Pro Se
TCIX-MAIN _13-113_
1499 R. W. Moore Memorial Highway
Only, TN 37140-4050

Matthew Orr # 57846
Turney Center Industrial Prison
1499 R.W. Moore Memorial Highway
Only, Tennessee 37140-4050

NASHVILLE TN 370
12 SEP '18
PM 3 L

Debra C. Poplin, Clerk
800 Market St., Ste 130
Knoxville, Tennessee 37902-2303

37902-230330

RECEIVED
SEP 14 2018



